## City of Philadelphia, to use, v. Sobel. No. 2

698

*Milton E. Selig* and *Michael H. Egnal*, for use-plaintiff.

*Edward Unterberger*, for defendant.

OLIVER, P. J., November 10, 1942.—We have before us defendant's rule on plaintiff to show cause why this case should not be dismissed for want of jurisdiction.

A municipal lien claim was filed in this court under the above caption on August 22, 1941. Through a clerical error, a routine order was prepared for the transfer of the case to the Municipal Court of Philadelphia in accordance with the provisions of section 10 of the Act of July 12, 1913, P. L. 711. The order was signed by two judges of this court as a matter of course without inquiry as to the nature of the litigation. On the following day, September 26, 1941, the transfer of the case to the Municipal Court was noted on the dockets of this court in the prothonotary's office. On the following day, September 27, 1941, defendant filed an affidavit of defense and waived jury trial.

When the case came to trial in the Municipal Court, plaintiff introduced its evidence and asked for judgment. Defendant offered no evidence and asked for the dismissal of the case for want of jurisdiction. Judgment was entered for the full amount of plaintiff's claim but, upon reconsideration, the Municipal Court, by Winnet, J., properly determined that it had no jurisdiction and therefore vacated its finding in favor of plaintiff and returned the cause to this court: City of Philadelphia, to use, v. Sobel (No. 1), 45 D. & C. 486.

Subsequently, the following order was entered by Judge Winnet: "And now, to wit, this 5th day of August 1942, the above case and all records pertaining thereto is hereby returned to the Court of Common Pleas No. 7, June term, 1941, no. 5044."

One of the judges of this court signed a consent to the return, and the order, with the consent noted thereon, was duly filed of record in these proceedings. Thereafter, defendant entered a rule on plaintiff to show cause why the case should not be dismissed for want of jurisdiction.

In support of her rule, defendant contends that the Municipal Court attempted to transfer the cause of action to this court and that it had no authority to do so. Defendant asserts that the only authority the Municipal Court has to transfer any suit to this court is that given in section 10 of the Municipal Court Act of July 12, 1913, P. L. 711, as last amended by the Act of July 11, 1923, P. L. 1035, 17 PS §693, wherein the following language is used:

"The said court shall also have authority, with the consent of the court of common pleas, upon the application of the plaintiff, to transfer to that court all suits wrongfully brought in the municipal court in excess of its jurisdiction, and also to transfer to the court of common pleas, upon the application of the defendant, all suits which may be brought in the municipal court within its jurisdiction where the defendant sets up as a defense a counter claim or set-off for an amount in excess of the jurisdiction of the municipal court."

In support of her position, defendant contends that the phrase "in excess of its jurisdiction" refers only to suits brought *for an amount* in excess of the jurisdiction of the Municipal Court. Plaintiff argues that "in excess of its jurisdiction" is a broad phrase which gives the Municipal Court power to transfer any suit instituted therein and not falling within its jurisdiction.

We are inclined to think that defendant's contention is correct and that the phrase should be read as though

the words "for an amount" had been inserted immediately before it. However, we need not, and therefore do not, decide that question because it is quite apparent in the case now before us that the Municipal Court did not attempt to transfer a case to this court. It merely returned to this court a case which this court, inadvertently and improperly, had attempted in the first instance to transfer to the Municipal Court. We think such action entirely proper. If we were to hold as defendant requests us to hold, plaintiff, through no fault of its own and solely because of an error made by this court in the first instance, would unjustifiably be deprived of its cause of action.

Defendant's rule is therefore dismissed.